William F. MORRIS, Petitioner,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent.

No. 95–1227.

United States Court of Veterans Appeals.

Feb. 12, 1996.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

## ORDER

PER CURIAM.

On December 12, 1995, the petitioner was directed to pay the $50.00 filing fee by December 26, 1995, or file a motion to waive the filing fee. The petitioner failed to do either. On January 11, 1996, the Court ordered the petitioner to show cause, within 20 days after the date of said order, why this petition should not be dismissed for failure to comply with the rules of the Court. Accompanying the Court's order was a copy of the motion form to waive the filing fee.

On January 22, 1996, the petitioner moved for permission to petition without paying the filing fee (without completing the motion form that had been sent to the appellant), stating that the filing fee had been waived in three previous petitions for writs of mandamus he had filed in the past year. All three of those petitions were denied. *See Morris v. Brown*, U.S.Vet.App. No. 95–325, 1995 WL 262233 (April 25, 1995); *Morris v. Brown*, U.S.Vet.App. No. 95–941, 8 Vet.App. 499 (October 26, 1995); *Morris v. Brown*, U.S.Vet. App. No. 95–1179, 1995 WL 760889 (December 13, 1995). On January 26, 1996, the Court received a letter from the petitioner in which he stated that the filing fee should be waived in this case because this petition "is a request for enforcement of case 91–1207 in which this court ruled the left knee was injured during [officer candidate school]."

The petitioner is abusing the Court's practice of allowing veterans suffering from "financial hardship" to forgo paying the filing fee, as provided in Rule 24 of the Court's Rules of Practice and Procedure, by filing repetitive, frivolous petitions for writs of mandamus. Accordingly, the Court will not process this petition unless the filing fee is paid. *See generally Attwood v. Singletary*, — U.S.——, 116 S.Ct. 769, 133 L.Ed.2d 721 (1996) (due to Attwood's abuse of the "Court's certiorari process," Supreme Court "direct[ed] the Clerk not to accept any further petitions for certiorari from [him] in noncriminal matters unless he pays the docketing fee required by Rule 38").

In consideration of the foregoing, it is

ORDERED that the petitioner's request to waive the filing fee is denied. It is further

ORDERED that the petitioner, within 30 days of the date of this order, pay the $50.00 filing fee.