813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jan L. CHAPMAN, Appellant,
v.
Roscoe L. EGGER, Jr. and Donald L. Breihan, Appellees.
 No. 85-2151.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1986.
Decided Oct. 21, 1986.
 
 Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Jan L. Chapman, appellant pro se.
 Jonathan S. Cohen, Deborah S. Mbye, Department of Justice and Roger M. Olsen, Assistant Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Jan L. Chapman is a tax protestor who seems unwilling to admit the error of her point of view.
 
 
 2
 Chapman's legal problems started in the Tax Court when she challenged a statutory notice of deficiency by arguing that any compensation she received for her labor was not taxable property. The Tax Court granted the government's motion for summary judgment on this claim, concluding that Chapman's case was "frivolous and completely without merit." The Tax Court sanctioned Chapman by assessing damages for filing her frivolous petition.
 
 
 3
 Rather than directly appealing the Tax Court judgment, Chapman filed a suit seeking a declaration that the Internal Revenue Code was not "positive law." Beside the fact that the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, expressly excepts challenges to federal taxes from the subject matter jurisdiction under the Act, Chapman's "positive law" claim is utterly devoid of merit. The district court had "no difficulty in concluding that plaintiff's action was brought in bad faith, with the intent to unreasonably and vexatiously multiply the proceeding." The district court then awarded attorneys' fees to the government and denied Chapman's motion to appeal in forma pauperis.
 
 
 4
 Before this Court is Chapman's appeal and her application to proceed in forma pauperis. Chapman seeks, in addition to rehashing the meritless tax protestor arguments, to remount a constitutional challenge to the Declaratory Judgment Act. These claims are manifestly frivolous.
 
 
 5
 We approve the district court's sanction of attorneys' fees, with interest, and award the government attorneys' fees and double costs incurred on appeal. See 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. This appeal, like the action in the district court, is frivolous. The amount of $1,500 requested by the United States for fees and costs is approved.*
 
 
 6
 Chapman's petition to proceed in forma pauperis is denied, and this appeal is dismissed. See 28 U.S.C. Sec. 1915(d). We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 7
 DISMISSED AND SANCTIONS IMPOSED.
 
 
 
 *
 We note that $1,500 is equal to the sanction amount we awarded in Jenson v. United States of America, No. 86-1504 (4th Cir., June 25, 1986) (unpublished)