14 F.3d 596
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 REYNOLDS MEMORIAL HOSPITAL, INCORPORATED, Plaintiff-Appellee,
and
Wayne R. Mielke, Special Commissioner, Plaintiff,
v.
Ngaire Evelyn VINCENT; Alfred J. Vincent, M.D.,
Defendants-Appellants.
 No. 93-1257.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 17, 1993.
Decided Jan. 19, 1994.
 
 On Petition for Rehearing with Suggestion for Rehearing in Banc.
 Ngaire Evelyn Vincent, Alfred J. Vincent, appellants pro se.
 Terence Michael Gurley, Schrader, Byrd, Byrum & Companion, Wheeling, WV, for appellees.
 DISMISSED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alfred and Ngaire Vincent appealed from the district court order denying their removal petition. We originally issued an opinion finding that the Vincents' notice of appeal was untimely. Reynolds Memorial Hosp., Inc. v. Vincent, No. 93-1257 (4th Cir. Oct. 14, 1993) (unpublished). The Vincents petitioned for rehearing, contending that their notice of appeal was timely. The record and the Vincents' submissions to this Court on rehearing raise some question concerning whether their notice of appeal was timely filed. Thus, we grant the petition for rehearing.* However, we find that, even if the notice was timely, this Court is without jurisdiction, and we dismiss the appeal.
 
 
 2
 The Vincents have attempted to remove this state action to federal court several times. The district court has always found itself without jurisdiction to remove the action and denied their removal petition. We have found ourselves without jurisdiction to review the denials. Reynolds Memorial Hosp., Inc. v. Vincent, No. 92-1658 (4th Cir. Apr. 12, 1993) (unpublished). Nonetheless, the Vincents continue to press the same claim undaunted. The situation has not changed; we are still without jurisdiction to review the district court's decision to remand this case upon Vincent's attempt to remove it to federal court years after the state suit was instituted. Wilkins v. Rogers, 581 F.2d 399, 403 (4th Cir.1978) (citations omitted).
 
 
 3
 We find no abuse of discretion in the district court's award of sanctions against the Vincents. Their frivolous pursuit of removal of this action merited sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).
 
 
 4
 Therefore, although we grant the petition for rehearing, we dismiss the appeal for lack of jurisdiction. Because the mandate was stayed by the Vincents' petition for rehearing, we dismiss their "Motion to Stay Mandate" as moot. We deny their motions for extension of time to amend their petition and for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 The suggestion for rehearing in banc is denied; no poll was requested