Richard L. BAST, Plaintiff–Appellant,

v.

COHEN, DUNN & SINCLAIR, PC; J. Frederick Sinclair; Thomas J. Curcio; Barbara Ozella Reves, Defendants–Appellees,

and

Lois Ames; Delmar D. Hartley; Anthony Joseph Pettit; Madonna Lea Schamp Pettit, Defendants.

No. 94–2525.

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1995.

Decided July 14, 1995.

---

**ARGUED:** Stephen A. Armstrong, Fairfax, VA, for appellant. Claude David Convisser, David Benjamin Smith, Jacobovitz, English & Smith, Alexandria, VA, for appellees.

Before HAMILTON and LUTTIG, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed and remanded by published opinion. Judge LUTTIG wrote the opinion, in which Judge HAMILTON and Judge FABER joined.

## OPINION

LUTTIG, Circuit Judge:

The appellant, Richard L. Bast, appeals from two orders of the United States District Court for the Eastern District of Virginia. In the first order, the district court denied appellant's motion to reconsider its dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of all claims against appellees, Cohen, Dunn & Sinclair, P.C., J. Frederick Sinclair, and Thomas J. Curio (collectively, "the law firm defendants"), which charged them with conspiracy to illegally intercept his communications, *see* 18 U.S.C. § 2520 ("wiretap statute"), and

racketeering, *see* 18 U.S.C. § 1964(c) ("RICO"). J.A. at 196–99. The second order reaffirmed the court's grant of summary judgment in favor of appellee Barbara Reves on Bast's charge of illegal wiretapping. J.A. at 200. For the reasons that follow, we affirm.

## I.

This lawsuit has all the markings of a vendetta. It arises from the dissolution of an extramarital affair and business relationship between Mr. Bast and Ms. Madonna Pettit. J.A. at 190. Since the break-up, Bast has filed five lawsuits against Pettit. Now, in the present action, Bast files suit against those who have provided Pettit with legal representation and against her friend.[1]

In 1991, Pettit, individually and through her company, Soama, Inc., had entered into an Independent Contractor Agreement with Bast and his company International Investigations, Inc. Pettit apparently breached a provision of that agreement that prohibited her from recording any communications of the officers, agents, or employees, when she recorded phone conversations between her and Bast. Appellees' Br. at 4; J.A. at 197. This induced Bast, through International Investigations, to file suit against her and Soama in state court for breach of contract. J.A. at 98–103. Pettit retained the law firm of Cohen, Dunn & Sinclair, P.C. to represent her in this action. Fearful that the tapes could be used to " 'expose' him to his wife," Appellant's Br. at 5, Bast quickly entered into settlement negotiations with Pettit, whereby each side would turn over to an escrow agent specified recordings, photographs, and video tapes. An outline of this settlement was presented to the state court on February 26, 1992. However, the agreement was never executed. Appellees' Br. at 6–7. Bast alleges that Pettit continued to

record their conversations and did so on two occasions from the residence of appellee Reves, "with her tacit knowledge." Appellant's Br. at 15.

The law firm defendants withdrew from representing Pettit in August 1992.

Over eighteen months later, Bast filed the instant suit in state court, which was subsequently removed to federal court. Count One alleges that the appellees engaged by conspiracy in the illegal recording of Bast's communications. Count Two alleges that they violated RICO.

The law firm defendants moved to dismiss and, on July 18, 1994, the district court granted the motion. Bast moved for reconsideration or, in the alternative, leave to amend the Complaint. The district court permitted Bast the opportunity to submit further briefing on the wiretapping issue, which resulted in the submission of eleven memoranda. On October 12, 1994, the district court entered an order denying the motion to reconsider or amend.

Ms. Reves likewise moved to dismiss both counts. The district court granted her motion as to the RICO count, but denied it as to the wiretapping charge. Reves then filed a motion for summary judgment on the remaining count, which was granted on October 7, 1994. Bast moved to alter or amend the October 7 judgment. The district court denied this motion and reaffirmed its prior order, on October 21, 1994. Bast appeals from both of the district court's final orders.

## II.

The Complaint pleads that, through their actions as alleged, the appellees conspired "to illegally intercept [Bast's] communications in intra state and inter state communications." J.A. at 18. Although 18 U.S.C. § 2520 permits civil recovery for the inter-

---

1. Bast has recently filed yet another lawsuit in the Eastern District of Virginia, relating to the factual allegations made in this case. *Inter-World Development Corp. v. Glasberg*, C.A. 95–531–A (filed May 15, 1995). In his complaint, he names twenty-five defendants who have a tangential relationship to Ms. Pettit or to one of his prior lawsuits against her. Defendants to the new suit include all of the appellees and their

attorneys in the instant appeal, a sitting United States District Judge, a sitting Bankruptcy Judge, a U.S. Bankruptcy Trustee, and various law clerks. This new suit only bolsters our belief that the present suit was intended to harass the appellees and impose upon them unnecessary legal expense, because of their association with Ms. Pettit. *See* Part IV *infra*.

ception, use, or disclosure of illegally obtained communications, Bast, from the language of his Complaint, limited himself to an allegation of illegal interception.

■ With regard to the law firm defendants, a charge of conspiracy to illegally intercept is frivolous on its face. The law firm was not retained by Ms. Pettit until *after* she made the majority of the recordings. And Bast alleges no facts which suggest that the firm was aware of, or in any way conspired in, the recordings made after Pettit secured the firm's representation. Therefore, the district court's dismissal of the wiretapping claim was proper.[2]

■ Summary judgment in favor of Reves was proper if the settled facts established that Reves likewise did not conspire to intercept communications. It is undisputed that Reves was out of town when Pettit taped phone calls at Reves' house, and Reves submitted an affidavit swearing that she was unaware that the recordings had been, or were being, made. *See also* J.A. at 190 (Pettit testifying that "[t]o the best of [her] knowledge, Ms. Reves [did] not have any knowledge of anyone's tape-recording of Mr. Bast's communications."). The district court concluded that the only pieces of evidence submitted by Bast which were even "colorably relevant" were isolated deposition excerpts showing "an association between defendant Reves and [Pettit] ... and some knowledge by defendant Reves of prior litigation between [Bast] and ... Pettit." J.A. at 194–95. We agree with the district court that this evidence is insufficient to present a triable issue as to whether Reves participated in the alleged conspiracy.

■ Even if we expanded the pleadings to include an allegation of appellees' unlawful disclosure or use, the appellant's claim would still have been properly dismissed. To be liable under an expanded section 2511 theory, the appellees would have to have known, or have had reason to know, that Pettit had a criminal or tortious motive in creating the tapes. *See* 18 U.S.C. §§ 2511(1)(c), 2511(1)(d). Yet, Bast has offered no evi-

dence even suggesting that Pettit told the appellees of such a motive; indeed, he does not even allege such. J.A. at 199 (district court stating that "Plaintiff virtually concedes in his memoranda to the Court that he has no good faith Rule 11 basis for alleging that Defendants knew or had reason to know of Mrs. Pettit's improper purpose in making the tapes.").

### III.

Bast's charge of racketeering is even more absurd, utterly lacking any of the factual allegations necessary to withstand Rule 12(b)(6) review.

■ Most fundamentally, Bast makes no allegation of racketeering activity. The alleged illegal interception of telephone conversations is not one of the criminal acts that constitutes "racketeering activity" as defined in 18 U.S.C. § 1961(1). Since he fails to specify a single predicate act of racketeering, he certainly fails to articulate "*a pattern* of racketeering activity." *See* 18 U.S.C. §§ 1961(5), 1962 (emphasis added).

He also fails to identify an enterprise, *see id.*, or to allege that the appellees were associated with the enterprise or participated in the conduct of such enterprise's affairs, *see* 18 U.S.C. § 1962(c); *Reves v. Ernst & Young*, — U.S. —, — – —, 113 S.Ct. 1163, 1169–70, 122 L.Ed.2d 525 (1993).

■ Finally, Bast does not have standing to assert a claim for civil damages under 18 U.S.C. § 1964(c) because he fails to allege any "injur[y] in his business or property" that was proximately caused by the alleged RICO violation. 18 U.S.C. § 1964(c); *Brandenburg v. Seidel*, 859 F.2d 1179, 1187 (4th Cir.1988). At most, Bast pleads that he "suffer[ed] extreme mental anguish" when he learned of Pettit's recordings. J.A. at 14. An allegation of personal injury and pecuniary losses occurring therefrom are not sufficient to meet the statutory requirement of injury to "business or property." *Doe v. Roe*, 958 F.2d 763, 767–70 (7th Cir.1992), and cases cited therein.

2. We also find that the district court did not abuse its discretion in denying appellant's request to amend. *In re Jeffrey Bigelow Design Group, Inc.*, 956 F.2d 479, 481 (4th Cir.1992).

Given the complete deficiency of a properly pleaded civil RICO claim, dismissal of Bast's claims was not only correct, but required.

### IV.

■ The appellees have asked the court to award sanctions pursuant to Federal Rule of Appellate Procedure 38. Rule 38 provides that if the court of appeals "determines that an appeal is frivolous, it may ... award just damages and single or double costs to the appellee." *See Steyr–Daimler–Puch of Am. Corp. v. Pappas,* 852 F.2d 132 (4th Cir.1988). We agree that such an award is appropriate in this case. We, therefore, assess costs and attorneys' fees against Bast. Because the law firm defendants did a large portion of the legal work themselves, we award reimbursement of those expenses as well. The case is remanded to the district court for a determination of the amount of the award in the first instance.[3]

*AFFIRMED AND REMANDED.*

---

**3.** The appellant recently filed a motion with this court for leave to file a memorandum of record   correction. That motion is hereby denied.