ATTWOOD *v.* SINGLETARY, SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS

No. 95–6710.   Decided January 22, 1996

PER CURIAM.

*Pro se* petitioner Robert Attwood requests leave to proceed *in forma pauperis* under Rule 39 of this Court.   We deny this request pursuant to Rule 39.8.   Attwood is allowed until February 12, 1996, within which to pay the docketing fee required by Rule 38 and to submit his petition in compliance with this Court's Rule 33.   We also direct the Clerk not to accept any further petitions for certiorari from Attwood in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33.

Attwood has abused this Court's certiorari process.   In November 1995, we twice invoked Rule 39.8 to deny Attwood *in forma pauperis* status.   See *Attwood* v. *Smith* and *Attwood* v. *Palm Beach Post, post,* p. 963.   At that time, Attwood had filed seven petitions in this Court during the prior

year, and he has filed two since. All were patently frivolous and were denied without recorded dissent.

We enter the order barring prospective filings for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1 (1992). Attwood's abuse of the writ of certiorari has been in noncriminal cases, and so we limit our sanction accordingly. The order will not prevent Attwood from petitioning to challenge criminal sanctions which might be imposed against him. The order will, however, allow this Court to devote its limited resources to the claims of petitioners who have not abused our certiorari process.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

Because experience with the administration of orders like the one the Court is entering in this case today has merely reinforced my conviction that our "limited resources" would be used more effectively by simply denying petitions that are manifestly frivolous, I respectfully dissent. Perhaps one day reflection will persuade my colleagues to return to "the great tradition of open access that characterized the Court's history prior to its unprecedented decisions in *In re McDonald*, 489 U. S. 180 (1989) *(per curiam)*, and *In re Sindram*, 498 U. S. 177 (1991) *(per curiam)*." See *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting).