JONES *v.* ABC–TV ET AL.

No. 95–7186.   Decided February 26, 1996

PER CURIAM.

*Pro se* petitioner Sylvester Jones requests leave to proceed *in forma pauperis* under Rule 39 of this Court.   We deny this request pursuant to Rule 39.8.   Jones is allowed until March 18, 1996, within which to pay the docketing fee required by Rule 38 and to submit his petition in compliance with this Court's Rule 33.1.   We also direct the Clerk not to accept any further petitions for certiorari from Jones in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33.1.

Jones has abused this Court's certiorari process.   In October 1992, we first invoked Rule 39.8 to deny Jones *in forma pauperis* status in two petitions for certiorari.   See *Jones* v. *Wright*, 506 U. S. 810; *In re Jones*, 506 U. S. 810.   At that time, Jones had filed over 25 petitions in this Court, all of which were patently frivolous and had been denied without

recorded dissent.   And since October 1992, we have invoked Rule 39.8 five times to deny Jones *in forma pauperis* status. See *Jones* v. *Schulze,* 513 U. S. 805 (1994); *In re Jones,* 510 U. S. 963 (1993); *Jones* v. *Jackson,* 510 U. S. 808 (1993); *Jones* v. *Suter,* 508 U. S. 949 (1993); *Jones* v. *Jackson,* 506 U. S. 1047 (1993).   Currently, Jones has at least two more petitions for certiorari pending.

We enter the order barring prospective filings for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1 (1992).   Jones' abuse of the writ of certiorari has been in noncriminal cases and so we limit our sanction accordingly.   The order will not prevent Jones from petitioning to challenge criminal sanctions which might be imposed against him.   The order will, however, allow this Court to devote its limited resources to the claims of petitioners who have not abused our certiorari process.

*It is so ordered.*

JUSTICE BREYER took no part in the consideration or decision of this motion.

JUSTICE STEVENS, dissenting.

For the reasons I have previously expressed, I respectfully dissent.   See *Attwood* v. *Singletary, ante,* p. 298 (STEVENS, J., dissenting); *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting); *Zatko* v. *California,* 502 U. S. 16, 18 (1991) (STEVENS, J., dissenting).