**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: ALFRED J. VINCENT,

Petitioner.

No. 96-508

On Petition for Writ of Mandamus.
(CA-75-23-W)

Submitted: May 16, 1996

Decided: February 4, 1997

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Sanctions imposed by published per curiam opinion.

_____

**COUNSEL**

Alfred J. Vincent, Petitioner Pro Se.

_____

**OPINION**

PER CURIAM:

Petitioner Dr. Alfred J. Vincent has now appeared before this court twenty times, repeatedly asking us to revisit litigation that was finally decided on the merits years ago. Most recently, Vincent filed a petition for a writ mandamus, which we denied. In Re Vincent, 86 F.3d 1154 (4th Cir. 1996). On May 16, 1996, we ordered Vincent to show cause as to why we should not sanction him for filing this mandamus petition. Today, having reviewed his response, we impose sanctions

on Vincent, pursuant to Federal Rule of Appellate Procedure 38, for filing this <u>mandamus</u> petition, which we find to be utterly frivolous.

This <u>mandamus</u> action, as well as the nineteen other appeals prosecuted in this court by Vincent, all originated with three unsuccessful lawsuits brought by Vincent between 1975 and 1991. In 1975, Vincent sued his then-employer Reynolds Memorial Hospital for breach of contract and tortious interference with contract. Six years later, he filed a separate suit against Reynolds Memorial Hospital alleging illegal restraint of trade and conspiracy to monopolize. These two suits were consolidated and, after protracted litigation, the trial court granted a directed verdict in favor of Reynolds, which we affirmed. <u>Vincent</u> v. <u>Reynolds Memorial Hospital</u>, 930 F.2d 913 (4th Cir. 1991). In 1988, Vincent sued an attorney who represented Vincent's former patient in a medical malpractice suit against Vincent and the doctor who appeared as an expert witness in that suit, claiming malicious prosecution and abuse of process. District Court Judge Robert Maxwell granted summary judgment in favor of the defendants, and we affirmed. <u>Vincent</u> v. <u>McCamic & McCamic</u>, 945 F.2d 399 (4th Cir. 1991). Finally, in 1991, Vincent petitioned for removal to federal court of a case in which Reynolds sought to satisfy a lien held by Reynolds against Vincent. District Court Judge Maxwell dismissed this petition for lack of jurisdiction because it was untimely filed, and again, we affirmed.

From this core of cases, Vincent has launched an all-out assault on the federal court system, in a vain effort to have his original cases reopened. As we have repeatedly said, Vincent's recurrent actions before this court are nothing more than "an attempt to resubmit claims to a federal court that were decided in an earlier state court action," <u>Vincent</u> v. <u>C&P Telephone Co.</u>, 57 F.3d 1067 (4th Cir. 1995), "to press the same claim[s] undaunted" even though they have already been decided "several times" and even though the situation "has not changed," <u>Reynolds Memorial Hospital</u> v. <u>Vincent</u>, 14 F.3d 596, and "to have the district court re-open this litigation on its merits" even though there was "no ground for revisiting the merits," <u>Vincent</u> v. <u>Reynolds Memorial Hospital</u>, 14 F.3d 598.

In his recent <u>mandamus</u> petition, Vincent made several requests which have been repeatedly rejected by this court. Vincent requested

2

that District Court Judge Maxwell be disqualified from hearing all cases involving him. We rejected this request, In Re: Vincent, 86 F.3d 1154 (4th Cir. 1996) ("Vincent's petition for mandamus is meritless."), just as we have rejected it and similar requests on numerous other occasions. See Vincent v. Reynolds Memorial Hospital, 8 F.3d 822 (4th Cir. 1993) (denying Vincent's motion "to recuse Judge Maxwell"); In Re: Vincent, 972 F.2d 344 (4th Cir. 1992) (dismissing Vincent's "mandamus petition seeking an order directing that Judge Maxwell recuse himself"); Vincent v. McCamic & McCamic, 945 F.2d 399 (4th Cir. 1991) (finding "no abuse of discretion in Judge Maxwell's refusal to recuse himself"); Vincent v. Ohio Valley Medical Center, 905 F.2d 1533 (4th Cir. 1990) (dismissing Vincent's "motion to order the recusal of Judge Kidd"); Vincent v. Reynolds Memorial Hospital, 881 F.2d 1070 (4th Cir. 1989) (denying Vincent's mandamus petition "seek[ing] a writ ordering Judge Maxwell and Judge Kidd to disqualify themselves from presiding over any of Vincent's cases on the ground that they are biased against him"). Vincent also moved that we dismiss his appeal in No. 81-1513. We denied this motion as well, In Re Vincent, 86 F.3d 1154, just as we had denied an identical motion brought by Vincent just last year. In Re: Vincent, 68 F.3d 463 ("deny[ing] Vincent's motion to dismiss his appeal in No. 81-1513"). We also denied Vincent's motion for certification of certain vague questions to the Supreme Court, another motion that forms a staple of Vincent's core of claims repeatedly brought in this court. See In Re: Vincent, 68 F.3d 463; Vincent v. Reynolds Memorial Hospital, 930 F.2d 913.

In fact, in this mandamus petition, Vincent raised only one issue that he has not previously raised before this court: Vincent moved that all members of this court be recused from hearing any further actions involving him, and instead, that an independent committee be set up to decide all of his cases. Needless to say, we denied this motion as well. In Re Vincent, 86 F.3d 1154.

But to simply recite the number of times that Vincent has filed actions in this court (twenty), and the repetitive and frivolous nature of those actions, only begins to describe the enormous amount of time that has been consumed in addressing these actions. Each of Vincent's appeals generally raises not just one or two claims, but a litany of them, each of which theoretically requires response. For example,

3

in this <u>mandamus</u> petition, in addition to asking that Judge Maxwell be recused, Vincent moved that he be appointed counsel; that all members of this court be recused; that a separate tribunal be set up to address his claims; that we dismiss a previous appeal; that questions be certified to the Supreme Court; that the district court's judgment be vacated; and that he be granted a hearing <u>en banc</u> -- a total of eight separate matters that we were required to address.

Even more of this court's resources are consumed in distilling exactly what issues Vincent is raising, because his voluminous pleadings comprise scores of pages, apparently prepared by Vincent himself, containing incoherent and rambling arguments ostensibly setting forth and supporting his claims. In the instant <u>mandamus</u> petition for which we impose sanctions, Vincent's pleadings were 152 pages long. They included a 56-page petition for <u>mandamus,</u> a 10-page "Memorandum in Support of Subsidiary Motions," a 10-page "Preamble and Brief," a 15-page supplement to his petition for <u>mandamus,</u> a 27-page batch of "exhibits," and a 34-page"Amended Brief." His response to our order to show cause why he should not be sanctioned contained an additional 154 pages, including a 24-page "Response to 5-16-96 Order to Show Cause," a 39-page "Supplementary Response to 5-16-96 Order to Show Cause," a 14-page "Motion to Strike 5-16-96 Order to Show Cause," a 4-page "Motion to Strike or Vacate 5-16-96 Order to Show Cause," a 19-page "Brief in Support of Motion to Strike or Vacate 5-16-96 Order to Show Cause," and 54 more pages of "Exhibits."

Because our uniform, summary rejection of Vincent's claims have failed to stem the tide of Vincent's filings in this court, we are forced to resort to more direct action against Vincent.

Under F.R.A.P. 38, we are authorized to impose sanctions upon appellants for the filing of frivolous appeals. <u>Bast</u> v. <u>Cohen, Dunn & Sinclair, PC</u>, 59 F.3d 492 (4th Cir. 1995). F.R.A.P. 38 provides:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Such "just damages" and "costs," include"damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous," regardless of whether "the appeal resulted in delay." F.R.A.P. 38, Advisory Committee Notes. We are authorized to award such damages and costs "in [our] discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." Id.

Here, we ordered Vincent to show cause as to why he should not be sanctioned for filing a frivolous appeal, thereby providing him with "notice from the court and reasonable opportunity to respond." F.R.A.P. 38. Having reviewed his response to our order, we now conclude that the appeal was indeed "frivolous," and therefore impose the following sanctions upon Vincent. In lieu of particularized fees and costs, we order Vincent to pay sanctions in the amount of $500, as we have frequently done in analogous circumstances. See, e.g., Peeples v. Commissioner of Internal Revenue, No. 87-1053 (4th Cir. Sept. 23, 1987) (unpublished); Leining v. Commissioner, No. 86-1253 (4th Cir. July 21, 1987) (unpublished); United States v. Bowser, No. 86-1241 (4th Cir. April 22, 1987) (unpublished); United States v. Wissig, No. 86-1188 (4th Cir. Dec. 29, 1986) (unpublished); Chapman v. Egger, No. 86-2151 (4th Cir. Oct. 21, 1986) (unpublished); Jensen v. United States, No. 86-1504 (4th Cir. June 25, 1986) (unpublished), motion for accounting and cert. denied, 479 U.S. 924 (Oct. 20, 1986). As this is a mandamus action, the proper appellee is the court itself, see Ex Parte Fahey, 332 U.S. 258 (1947) (mandamus actions "have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him."), and so the monetary sanctions are payable to the clerk of the court. Additionally, following a practice adopted in one of our sister circuits, we enjoin Vincent from filing any further civil actions in this court until such time as these monetary sanctions are paid, and unless a district court judge certifies that his claim is not frivolous. See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991) (ordering that petitioner "be barred from filing any further appeals in this court until (1) the sanctions awarded by this court and the district court are fully paid; and (2) a district court certifies his appeal as having some arguable merit"); cf. Shief v. Kakita, 116 S. Ct. 1311 (1996) (directing "the Clerk not to accept any further petitions for certiorari from [appellant] in noncriminal matters unless he pays the docketing fee

5

required by [Supreme Court] Rule 38 and submits his petition in compliance with [Supreme Court] Rule 33.1"); Jones v. ABC-TV, 116 S. Ct. 870 (1996) (same); Attwood v. Singletary, 116 S. Ct. 769 (1996) (same); Whitaker v. Superior Court of California, San Francisco County, 115 S. Ct. 1446 (1995) (same).

It is so ordered

6