**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANNY ALAN VESTAL,
Plaintiff-Appellant,

v.                                                                          No. 96-6089

BILL CLINTON; JAMES B. HUNT,
Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
James A. Beaty, Jr., District Judge.
(CA-95-752)

Submitted: May 16, 1996

Decided: February 4, 1997

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Sanctions imposed by published per curiam opinion.

_____

**COUNSEL**

Danny Alan Vestal, Appellant Pro Se.

_____

**OPINION**

PER CURIAM:

Danny Alan Vestal is before us as plaintiff/appellant for the seventh time within a year. All of Vestal's claims in the past have been

totally frivolous. This appeal is no exception. Vestal now argues that the President of the United States and the Governor of North Carolina are "breaking the Laws of God" by swearing oaths on the New Testament upon taking office. Complaint at 3. Vestal concludes that, as a result of this action by President Clinton and Governor Hunt, Vestal is "suffering undue punishment and distress because the defendants are breaking the Law of God in speaking and conspiring against the Holy Commandments resulting in plagues upon this nation and my situation." Complaint at 3-4 (internal Biblical citations omitted). Vestal adds, for good measure, that "the defendants should be visiting the prisons." Complaint at 3. Because of the utter frivolousness of this appeal, we impose sanctions upon Vestal pursuant to Federal Rule of Appellate Procedure 38.

Vestal began his pro se legal career claiming that during his incarceration at Davidson Correctional Center in Lexington, North Carolina, he was subjected to cruel and unusual punishment and that his First Amendment right to religious freedom was violated because he was denied his request to visit his terminally ill grandmother. Vestal claimed that these alleged violations entitled him to $3,000,000 in damages. The district court dismissed the action as frivolous, and this court affirmed. Vestal v. Freeman, 1995 WL 551277 (4th Cir.).

Next, Vestal brought an action under 28 U.S.C. § 1983 claiming that understaffing at the Davidson Correctional Center created stress and overwork for guards. Neither Vestal's concern for the prison guards nor his general request for "better security" lifted this claim above the realm of the frivolous. The district court dismissed Vestal's claim as such, and we affirmed. Vestal v. Murphy, 1995 WL 607816 (4th Cir.).

In Vestal's next challenge to the conditions of his incarceration, he claimed a constitutional right, under the Privileges and Immunities Clause, to the amenities enjoyed by other state and federal inmates, such as better televisions, computers for personal use, private rooms, and air conditioning. Again, this court affirmed the district court's dismissal of the complaint as frivolous. Vestal v. Hunt, 1995 WL 734447 (4th Cir.).

Vestal later claimed that as a member of the prison road squad he was denied access to certain educational programs which were avail-

2

able to other prisoners, thus leaving his rehabilitation needs unsatisfied. Again, the district court dismissed the complaint as frivolous, and this court affirmed. Vestal v. Freeman, 1995 WL 739393 (4th Cir.).

Undaunted by his lack of success on his prior claims, Vestal then brought a claim alleging that the practice of psychology is a religion and that, as a result, the prison's employment of psychologists violated his First Amendment rights. Within three months, Vestal brought another claim, again contending that psychological counseling violated his religious rights and contending that the prison's refusal to promote him to a higher custody status (because he would not submit to the counseling) violated his First Amendment rights. In both of these actions, the district court dismissed the claims as frivolous, and this court again affirmed. Vestal v. Brown, 1995 WL 734450 (4th Cir.); Vestal v. Freeman, 1995 WL 739397 (4th Cir.).

Vestal's current effort to obtain adjudication of "God's Law" in this court is another example of Vestal's disregard for the limited resources (and limited jurisdiction) of this court. Despite the repeated and consistent holdings by this court and the district court that Vestal's claims are frivolous, Vestal continues to file such suits. Accordingly, we ordered Vestal to show cause why he should not be sanctioned under Federal Rule of Appellate Procedure 38.

Under F.R.A.P. 38, we are authorized to impose sanctions upon appellants for the filing of frivolous appeals. Bast v. Cohen, Dunn & Sinclair, PC, 59 F.3d 492 (4th Cir. 1995). F.R.A.P. 38 provides:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Such "just damages" and "costs," include "damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous," regardless of whether "the appeal resulted in delay." F.R.A.P. 38, Advisory Committee Notes. We are authorized to award such damages and costs "in [our] discretion in the case of a frivolous appeal

3

as a matter of justice to the appellee and as a penalty against the appellant." Id.

Here, we ordered the appellant to show cause as to why he should not be sanctioned for filing a frivolous appeal, thereby providing him with "notice from the court and reasonable opportunity to respond." F.R.A.P. 38. Having reviewed the appellant's response to our order, we conclude that the appeal was indeed "frivolous," and therefore impose the following sanctions upon the appellant. In lieu of particularized fees and costs, we award the amount of $500 to the appellees, as we have frequently done in similar circumstances. See, e.g., Peeples v. Commissioner of Internal Revenue , No. 87-1053 (4th Cir. Sept. 23, 1987) (unpublished); Leining v. Commissioner, No. 86-1253 (4th Cir. July 21, 1987) (unpublished); United States v. Bowser, No. 86-1241 (4th Cir. April 22, 1987) (unpublished); United States v. Wissig, No. 86-1188 (4th Cir. Dec. 29, 1986) (unpublished); Chapman v. Egger, No. 86-2151 (4th Cir. Oct. 21, 1986) (unpublished); Jensen v. United States, No. 86-1504 (4th Cir. June 25, 1986) (unpublished), motion for accounting and cert . denied, 479 U.S. 924 (Oct. 20, 1986). Half of this amount shall be made payable for deposit in an appropriate account of the United States Government, and the other half shall be made payable for deposit in an appropriate account of the State of North Carolina. Additionally, following a practice adopted in one of our sister circuits, we now enjoin appellant from filing any further civil actions in this court until these monetary sanctions are paid, and unless a district court judge certifies that his claim is not frivolous. See Smith v. McCleod , 946 F.2d 417, 418 (5th Cir. 1991) (ordering that petitioner "be barred from filing any further appeals in this court until (1) the sanctions awarded by this court and the district court are fully paid; and (2) a district court certifies his appeal as having some arguable merit"); cf . Shief v. Kakita, 116 S. Ct. 1311 (1996) (directing "the Clerk not to accept any further petitions for certiorari from [appellant] in noncriminal matters unless he pays the docketing fee required by [Supreme Court] Rule 38 and submits his petition in compliance with [Supreme Court] Rule 33.1"); Jones v. ABC-TV, 116 S. Ct. 870 (1996) (same); Attwood v. Singletary, 116 S. Ct. 769 (1996) (same); Whitaker v. Superior Court of California, San Francisco County, 115 S. Ct. 1446 (1995) (same).

It is so ordered

4