**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1524**

---

PETER PAUL MITRANO,

Plaintiff - Appellant,

versus

ELAINE R. WARSHELL; DEBORA A. BLAKE; MARTHA M.
DAVIS; VIRGINIA L. KELLY; WILLIAM D. PHILLIPS;
L. JONATHAN ROSS; WIGGIN & NOURIE, PA; LARRY
B. PLETCHER; JOHN PETER CYR; WILLARD G.
MARTIN, JR.,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Gerald Bruce Lee, District
Judge. (CA-03-1298-A)

---

Submitted: August 17, 2005          Decided: October 20, 2005

---

Before WILKINS, Chief Judge, LUTTIG, Circuit Judge, and James C.
DEVER, III, United States District Judge for the Eastern District
of North Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

Peter Paul Mitrano, Merrifield, Virginia, Appellant Pro Se. Robert
E. Draim, HUDGINS LAW FIRM, Alexandria, Virginia, for Appellee
Martha M. Davis; Renu M. Setaro, WRIGHT, ROBINSON, OSTHIMER &
TATUM, Richmond, Virginia, for Appellee Elaine R. Warshell; Carol
T. Stone, JORDAN, COYNE & SAVITS, L.L.P., Fairfax, Virginia, for
Appellees L. Jonathan Ross and Wiggin & Nourie, PA; Christopher W.

Schinstock, GANNON & COTTRELL, P.C., Alexandria, Virginia, for Appellees Debora A. Blake, Virginia L. Kelly, and William David Phillips; Daniel J. Mullen, NEW HAMPSHIRE ATTORNEY GENERAL'S OFFICE, Concord, New Hampshire, for Appellees Larry B. Pletcher, John Peter Cyr, and Willard G. Martin, Jr.; Sydney E. Rab, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees Larry B. Pletcher, John Peter Cyr, and Willard G. Martin, Jr.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Peter Paul Mitrano, an attorney proceeding pro se, appeals a district court order dismissing his various claims against his ex-wife, Virginia L. Kelly, and others (collectively, "Appellees") arising from a previously litigated domestic relations dispute. We affirm.

I.

In 1992, Mitrano and Kelly obtained a divorce in the Commonwealth of Virginia. At that time, Mitrano was granted primary custody of the couple's three minor children (Christina, Peter Jr., and Christopher). Despite their divorce, the following year Mitrano and Kelly moved to New Hampshire where they shared a household and custody of their children until October 2000. On October 16, 2000, Kelly filed an emergency petition in a New Hampshire state court seeking custody of Christina. The court awarded temporary custody to Kelly on an ex parte basis. Later, at a hearing attended by both parties, the court awarded sole custody to Kelly after determining that Mitrano had inappropriately physically disciplined their daughter.

In late December 2000, without notifying Kelly, Mitrano moved to Virginia with Peter Jr. and Christopher. Kelly petitioned for and was granted temporary custody of the boys by the New Hampshire state court. Kelly later sought enforcement of the New Hampshire

3

order in Virginia.  In response to Kelly's action, Mitrano asked three different Virginia judges to enforce the 1992 Virginia custody order.  All three determined that New Hampshire had jurisdiction and directed Mitrano to obey the New Hampshire order. The New Hampshire court subsequently found Mitrano in contempt for moving his sons to Virginia without seeking permission from the court.  At the same time, Kelly traveled to Virginia to see her sons and then moved with them to Vermont.

Mitrano filed suit in a Vermont state court seeking enforcement, once again, of the 1992 Virginia custody order. Mitrano continued to dispute the jurisdiction of the New Hampshire court to make custody determinations and the validity of its child custody orders.  Mitrano argued to the Vermont state court that the New Hampshire orders were invalid because New Hampshire was not the children's "home State" within the meaning of the Parental Kidnapping Prevention Act (PKPA).  28 U.S.C.A. § 1738A(b)(4) (West Supp. 2005).  Specifically, Mitrano claimed that New Hampshire could not be the children's "home State" because neither he, Kelly, nor their children were residents of New Hampshire after December 2000.  See id.  The Vermont court dismissed Mitrano's petition after determining that New Hampshire was the children's "home State" under the PKPA.  Mitrano appealed this decision unsuccessfully to the Supreme Court of Vermont.  See Mitrano v.

4

<u>Kelly</u>, 785 A.2d 191 (Vt. 2001) (unpublished table decision), <u>cert.</u> <u>denied</u>, 534 U.S. 1115 (2002).

Undeterred by adverse rulings from the courts of three states, Mitrano then sought declaratory and injunctive relief from the United States District Court for the District of New Hampshire, naming as the defendant the judge presiding over the New Hampshire custody dispute.  The district court denied relief, noting that Mitrano, as an attorney, should have known that his claims were meritless.  <u>See</u> <u>Mitrano v. Martin</u>, No. 01-153-M, 2002 WL 122384, at *1 (D.N.H. Jan. 22, 2002), <u>aff'd</u>, Nos. 02-1231, 02-1348 (1st Cir. Aug. 29, 2002) (minute order).

Mitrano then filed this action in the Eastern District of Virginia, naming as defendants Kelly, Kelly's brother-in-law, attorneys and judges associated with the New Hampshire and Vermont litigation, and his own former attorney and law firm.[1]  The district court granted Appellees' motion to dismiss, concluding that it lacked personal jurisdiction over each Appellee, <u>see</u> <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u>, 334 F.3d 390, 396-98 (4th Cir. 2003), and that it was without subject matter jurisdiction under the domestic relations exception to federal

---

[1]Mitrano filed an identical action in the District of New Hampshire.  The district court dismissed that case on jurisdictional grounds, and the Court of Appeals for the First Circuit affirmed.  <u>See</u> <u>Mitrano v. Warshell</u>, Nos. 03-469-JD (D.N.H. May 7, 2004), <u>aff'd</u>, No. 04-1784, 04-2230 (1st Cir. Sept. 16, 2005) (minute order).

jurisdiction, see Ankenbrandt ex rel. L.R. v. Richards, 504 U.S. 689, 703 (1992), and under the Rooker-Feldman doctrine, see D.C. Ct. App. v. Feldman, 460 U.S. 462, 476, 482 & n.16 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923).

## II.

Mitrano contends that the district court erred in determining that it lacked both subject matter and personal jurisdiction. We review a dismissal for lack of subject matter or personal jurisdiction de novo. See Nat'l Taxpayers Union v. Soc. Sec. Admin., 376 F.3d 239, 241 (4th Cir. 2004), cert. denied, 125 S. Ct. 1300 (2005); Carefirst of Md., 334 F.3d at 396.

Having reviewed the briefs and applicable law, we conclude that the district court correctly decided the issues before it. We accordingly affirm the dismissal of Mitrano's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

## III.

Following Mitrano's appeal to this court, Appellees, excluding the three New Hampshire state court judges, moved for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Under Rule 38, we are authorized to impose "just damages and single or double costs" for frivolous appeals. Fed. R. App. P. 38; see

6

<u>Bast v. Cohen, Dunn & Sinclair, PC</u>, 59 F.3d 492, 496 (4th Cir. 1995). We are permitted to award damages and costs "as a matter of justice to the appellee and as a penalty against the appellant." Fed. R. App. P. 38 advisory committee notes.

Mitrano has proven himself to be extremely litigious. He has persisted in filing multiple actions despite the unanimous rejection of his claims by every court that has considered them. With regard to his activity in the federal courts, Mitrano has filed a declaratory judgment action in the District of New Hampshire, this action, and an action nearly identical to this one in the District of New Hampshire. In appealing the dismissal of each of these actions, he has ignored repeated warnings from the district courts regarding the frivolity of his claims.[2]

Moreover, when this appeal is considered together with all connected litigation and evidence of Mitrano's prior conduct in unrelated lawsuits, a clear pattern of harassing lawsuits and abusive behavior emerges. See <u>In re Ballato</u>, 252 B.R. 553, 558-59 (Bankr. M.D. Fla. 2000) (finding that Mitrano filed involuntary bankruptcy petition in bad faith); <u>Melka Marine, Inc. v. Town of Colonial Beach</u>, 37 Va. Cir. 108, 111-13 (1995) (imposing sanctions on Mitrano for his "voracious" conduct of litigation). Finally, in connection with the child custody proceedings underlying this

---

[2]Indeed, Mitrano appears to recognize the impossibility of success, characterizing this appeal as "the legal equivalent of General Custer's last stand." Br. for Appellant at 37.

7

appeal, Mitrano has been held in contempt of court by the New Hampshire state court and has been assessed attorney's fees more than once, most recently by the district court in this case. See Mitrano v. Warshell, No. 1:03cv1298 (E.D. Va. July 25, 2005) (order granting motions for sanctions).

In light of the above, we grant the motion for sanctions. Appellees are hereby directed to submit an itemized statement of attorneys' fees and costs to the Court and Mitrano within ten days of this opinion issuing. Mitrano has 21 days from receipt of Appellees' statement to file objections. In addition, we enjoin Mitrano from filing any further civil appeals in this court until monetary sanctions are paid, and unless a district court certifies that the appeal is not frivolous. See In re Vincent, 105 F.3d 943, 946 (4th Cir. 1997) (per curiam).

IV.

For the reasons set forth above, we conclude that the district court correctly dismissed Mitrano's complaint. Accordingly, we affirm.

AFFIRMED