**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1910**

In Re:  JULIAN EDWARD ROCHESTER,

Petitioner.

On Petition for Writ of Mandamus.

Submitted:  August 28, 2008          Decided:  August 29, 2008

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Julian Edward Rochester, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner has filed a motion for leave to proceed in forma pauperis and a pro se petition for writ of mandamus pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771.

The Crime Victims' Rights Act affords to victims of crime the rights to receive notice of court proceedings, to be heard at court proceedings, to confer with government counsel, to receive restitution, to be free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). The Act provides that these rights shall be asserted in the district court and that "[i]f the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus." 18 U.S.C. § 3771(c)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." Id. Furthermore, "[i]f the court of appeals denies the relief sought, the reasons for the denial shall be clearly stated on the record in a written opinion." Id.

Petitioner Rochester moves, as a kidnap victim, for relief from his "kidnapped status." He asserts that he has been held in state custody 23 years, 9 months, and 17 ½ days beyond his maximum release date for crimes that carried no penalty or only a fine. He claims to be the victim of forged warrants, conspiracy, double jeopardy violations, threats, and other illegalities.

2

Petitioner has raised these and other claims in numerous actions in the district court and on appeal. He has been subject to a pre-filing review order in the District of South Carolina since January 1996. In re Rochester, Misc. No. 2:95-MC-131 (D.S.C. Jan. 29, 1996). He has filed 29 prior cases in this Court and been granted relief in none of them.

The statutory provision for expedited mandamus review of the district court's denial of rights asserted under 18 U.S.C. § 3771(a) has no application to the claims asserted by Rochester. Rochester's claims are attacks on the legality of his confinement, which have been fully litigated in prior habeas corpus actions. He has not been denied any right under 18 U.S.C. § 3771(a) which could form the basis for a mandamus petition to this Court.

Accordingly, the Court denies the motion to proceed in forma pauperis and dismisses this mandamus petition. Petitioner is warned that any further effort to raise these claims will result in issuance of an order to show cause why a pre-filing injunction should not be entered against him by this Court. See In re Vincent, 105 F.3d 943 (4th Cir. 1997).

PETITION DISMISSED

3