**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-1931**

───────────

In Re:  JULIAN E. ROCHESTER, a/k/a Julian Edward Rochester,

Petitioner.

───────────

On Petition for Writ of Mandamus.
(2:97-cv-03924-HMH; 2:08-cv-03488-HMH-RSC; 2:98-cv-00146-
WBT; 2:08-cv-03577-HMH-RSC)

───────────

**No. 11-7088**

───────────

JULIAN E. ROCHESTER,

Plaintiff – Appellant,

v.

PAPERMATE PAPER CORP; MARLBORO HOSPITAL; SCDC; ASBESTOS
SUPER FUND; GEORGIA-PACIFIC PAPER CORPORATION, a/k/a
Georgia-Pacific Paper Corp,

Defendants - Appellees.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  J. Michelle Childs, District
Judge.  (8:11-cv-01782-JMC)

───────────

Submitted:  February 29, 2012          Decided:  March 12, 2012

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Julian Edward Rochester, Petitioner/Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 11-1931, frequent litigant Julian Rochester petitions for a writ of mandamus seeking to set aside two state criminal judgments. In No. 11-7088, Rochester appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) action. For the reasons that follow, we dismiss both actions as frivolous.

Additionally, Rochester has persisted in filing frivolous appeals, motions, and petitions in this court. He failed to respond to our order to show cause why he should not be sanctioned for such abusive behavior. Accordingly, we now impose sanctions on Rochester for this conduct.

I

In his mandamus petition, Rochester seeks an order setting aside two state criminal judgments on the ground that the state court was without jurisdiction to enter the judgments. Mandamus is a drastic remedy to be used only in extraordinary situations. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33,

3

35 (1980). Federal courts have no general power to compel action by state officials. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969). Rochester has not made the requisite showing. Accordingly, we deny leave to proceed in forma pauperis and dismiss his petition for a writ of mandamus as frivolous.

In No. 11-7088, Rochester appeals the district court's order denying relief on his 42 U.S.C. § 1983 complaint. We have reviewed the record and find no reversible error. We conclude that the district court correctly determined that Rochester failed to state a claim with respect to any of the conditions of confinement about which he complained. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). We note that the corporate defendants are not state actors amenable to suit under § 1983, see West v. Atkins, 487 U.S. 42, 48 (1988), and that certain of Rochester's claims are barred by the applicable three-year statute of limitations, see S.C. Code Ann. § 15-3-530(5); Wilson v. Garcia, 471 U.S. 261, 276 (1985). Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal as frivolous.

II

Rochester has filed at least twenty-nine cases in this court -- both original actions and appeals from district court

4

orders -- and has been granted relief in none of them. The cases typically share recurring themes: for instance, he contends that he is on "kidnapped status;" he has been held beyond his release date; and he is being "tortured" in a variety of ways. In In re Rochester, 292 F. App'x 226, 227 (2008), we warned Rochester that, if he continued his practice of raising repetitive claims, we would issue "an order to show cause why a prefiling injunction should not be entered against him."

On December 20, 2011, we deferred action on Rochester's pending motions to proceed without prepayment of fees and directed him to show cause why he should not be sanctioned for filing frivolous appeals, petitions, and motions and why he should not be enjoined from filing further appeals, petitions and motions in this court until such sanctions are paid and a district court judge or this court finds that the appeal, petition, or motion is not frivolous. See Fed. R. App. P. 38 (permitting sanctions after notice and an opportunity to respond). Rochester did not respond to our order.

In light of Rochester's utter disregard for the limited resources of this court, we order him to pay sanctions in the amount of $500, payable to the clerk of this court, as we have done in similar cases. See In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). We also enjoin Rochester from filing any civil appeal, petition, or motion in this court unless: (i) the

5

sanctions are fully paid; and (ii) a district or circuit judge has certified that the appeal, petition, or motion is not frivolous.  Any filing that does not meet these requirements will not be placed on the court's docket.

## III

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>