UNITED STATES of America, Appellee,

v.

Jacob R. FISHMAN, M.D., Appellant.

In the Matter of Grand Jury Empanelled January 18, 1982.

Nos. 83–2056, 83–2134.

United States Court of Appeals, Fourth Circuit.

Submitted Dec. 16, 1983.

Decided Dec. 23, 1983.

Rehearing Denied Jan. 30, 1984.

---

Gerald A. Feffer, James A. Bruton, III, J. William Koegel, Jr., Washington, D.C., Thomas P. McNamara, Raleigh, N.C., on brief, for appellant.

Robert Showers, Asst. U.S. Atty., on brief, for appellee.

Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.

MURNAGHAN, Circuit Judge:

A grand jury empanelled January 18, 1982 in the Eastern District of North Carolina, Raleigh Division issued in connection with an investigation beginning in November, 1982, a subpoena to Jacob R. Fishman, M.D. The subpoena afforded two methods for compliance with it. Either Dr. Fishman was to bring, when he appeared before the Grand Jury certain records pertaining to his individual medical practice as a sole proprietor,[1] or, alternatively, he might turn over the subpoenaed documents to the person serving the subpoena.[2] The sole proprietorship operated under the name of Potomac Psychiatric Associates.

Having been ordered to comply, and, on his refusal to do so, having been adjudged to be in contempt, Dr. Fishman filed on November 23, 1983 a notice of the present appeal to which the provisions of 28 U.S.C. § 1826 are applicable. Accordingly, we must dispose of the appeal by no later than December 23, 1983.[3]

Fifth Amendment protections have been asserted by Dr. Fishman who has characterized the subpoena as an attempted invasion of his privilege against self-incrimination. The controversy swirls about the statements in *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886) to the effect that a person may not be forced to produce his private papers, as explicated or modified, however, by the decision in *Fisher v. United States,* 425 U.S. 391, 401, 96 S.Ct. 1569, 1576, 48 L.Ed.2d 39 (1976) that the Fifth Amendment does not function as a general bulwark protecting privacy but rather "protects against 'compelled self-in-

---

1. The subpoena language described what it sought as:

    patient medical records, to include patient progress reports, treatment plans, financial records and all related medical and administrative documentation for in-patient and discharged patients receiving or who have received medical evaluation and/or treatment during the period January 1, 1979 through May 31, 1982, under the Champus Program as Champus beneficiaries from Dr. Jacob R. Fishman, M.D.

2. Dr. Fishman was advised by the Government that he was a target of the Grand Jury investigation of a possible scheme to defraud the Civilian Health and Medical Program for the Uniformed Services ("CHAMPUS") through the filing of false statements relating to psychiatric services not, in fact, rendered.

3. The district court chronological history of the case is as follows:

    1) June 2, 1983—Subpoena served.
    2) June 17, 1983—Motion to quash filed.
    3) July 16, 1983—Immunity grant made pursuant to 18 U.S.C. § 6001 *et seq.*
    4) October 26, 1983—Motion to quash denied.

5) November 3, 1983—Appeal from October 26, 1983 denial of motion to quash. [The district judge has proceeded apparently on the assumption that 28 U.S.C. § 1826 would apply to an appeal of that order. In fact, however, the time stricture and other provisions of 28 U.S.C. § 1826 relate to the subsequently adopted order of civil contempt.]

6) November 7, 1983—Motion requesting a stay of the expected order of contempt.

7) November 10, 1983—Contempt order entered, but stayed pending disposition under 28 U.S.C. § 1826 "of Dr. Fishman's appeal to the Fourth Circuit Court of Appeals."

8) November 23, 1983—Notice of Appeal from the Order of Civil Contempt entered November 10, 1983.

It should be observed that, on behalf of Dr. Fishman, a request has been made to the Clerk, pursuant to Local Rule 19 of the United States Court of Appeals for the Fourth Circuit, supplementing the Federal Rules of Appellate Procedure, to consolidate the appeals of November 3, 1983 and November 23, 1983. The Government has indicated no objection to the consolidation, treating it in its Brief as already in effect. We proceed to dispose of the two appeals at the same time.

crimination, not [the disclosure of] private information.' "

A case raising a very similar question was decided in a manner favorable to Dr. Fishman, but *certiorari* has been granted, and the case argued to, but not yet decided by, the Supreme Court. *Matter of Grand Jury Empanelled March 19, 1980,* 680 F.2d 327 (3d Cir.1982), *cert. granted, United States v. John Doe,* —— U.S. ——, 103 S.Ct. 1890, 77 L.Ed.2d 281 (1983). There is, however, a distinction, as between that case and the one before us, which suggests that, even if the Supreme Court leaves the opinion of the Third Circuit undisturbed, nevertheless, compliance by Dr. Fishman was required, and his refusal to do so properly subjected him to imposition of the penalties for the civil contempt committed by him.

In *Fisher,* the court pointed out that, where the request contained in the subpoena is restricted to a demand that certain documents be produced, only the act of production itself can function as a possible act of self-incrimination. The contents of the documents are not the subject matter to which an inquiry under the Fifth Amendment is to be addressed. *Fisher, supra,* 425 U.S. at 409–10, 96 S.Ct. at 1580–81.

The ways in which production of the documents may constitute impermissible compelled self-incrimination appear, at least for present purposes, to be two:

1) The production constitutes an admission of existence, possession or control of the documents.

2) The supplying of the documents impliedly verifies or authenticates the conclusion that the documents are what they have been described in the subpoena to be.

As the district judge percipiently pointed out, it is difficult to contemplate how the mere existence, possession or control of the documents amounts to incriminating evidence. Being business records of Dr. Fishman, their existence in the circumstances of this particular case and his possession or control are self-evident truths, and hardly need to be proven through resort by the Government to the act by the owner in turning them over.[4]

Insofar as authentication is concerned to the extent the documents have been prepared by others than Dr. Fishman (patients, bookkeepers, auditors, secretaries, receptionists, therapists, social workers, nurses, and the like), those other persons can supply authentication, without recourse to the act of Dr. Fishman in producing them in response to the subpoena. For documents personally prepared by Dr. Fishman, handwriting experts might well be able independently to authenticate documents prepared by him.

Moreover, to the extent complete authentication or proof of existence, possession or control by others than Dr. Fishman should prove impossible at trial, the Government has, under 18 U.S.C. § 6001, *et seq.,* obtained, in a formal and regular fashion, use immunity which will foreclose the drawing of any adverse inference from the fact of production.[5] In that very relevant, and for us controlling, respect the case differs from the *John Doe* case currently pending before the Supreme Court. *Cf. Matter of Grand Jury Empanelled March 19, 1980, supra,* at notes 3 (page 330), 9 (page 333) and 20 (pages 337–38).

The opinion of Judge Franklin T. Dupree, Jr. in the district court, *Matter of Grand*

---

**4.** We are less impressed with the Government's additional argument that Dr. Fishman "has twice voluntarily admitted, first in the Memorandum in [sic] Law accompanying his Motion to Quash, and second in appellant's brief, the existence and location of the subpoenaed documents." The reference is to the statement in both legal submissions: "At all relevant times the subpoenaed Potomac Psychiatric Associates records were in the personal custody or control of the appellant in the Washington, D.C. area." The generalized reference to the subpoenaed records acknowledges the existence of a category, but does not make any representation or admission as to what documents fall into it, or whether any particular document is in existence.

**5.** 18 U.S.C. § 6002: "No testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, . . . ."

*Jury Empanelled January 18, 1982,* (E.D. N.C. No. 83–62–MISC 5, October 26, 1983), carefully considers the pertinent factors to which we have alluded. We are satisfied that, in resorting to contempt sanctions to compel production, he acted correctly. We perceive no useful purpose to be served by addressing anew the several issues involved at length, bearing in mind that an opinion from the Supreme Court in the near future will in all probability settle the law covering navigation in the seas in which we currently find ourselves afloat.

Accordingly, the November 3, 1983 judgment denying the motion to quash and the November 23, 1983 judgment imposing civil contempt is each

AFFIRMED.[6]

**6.** Of course, our attention has been directed first and foremost to the appeal from the Order of Civil Contempt. However, the same principles of law control the appeal from the motion to quash the subpoena. Our order of affirmance, consequently, extends to it as well. While, due to the time restraint imposed by 28 U.S.C. § 1826(b), it has not been practicable to arrange for oral argument, the matters at issue have been painstakingly briefed. Counsel for Dr. Fishman, in seeking, and the Government in not opposing, consolidation by the Clerk of Court of the two related appeals, has recognized the essential identity of the questions presented. The posture of the case, in its close consanguinity with a case already argued before, though not yet decided by, the United States Supreme Court which raises many of the same issues renders supererogatory extended elaboration by us. Consequently in view of the shortness of time we have proceeded to judgment in the appeal from the denial of the motion to quash as well as in the appeal from the order of civil contempt.