808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America; Cyrus W. Marshall, Revenue
Officer, of the Internal Revenue Service,
Plaintiffs-Appellees,
v.
Frank E. WISSIG, Defendant-Appellant.
 No. 86-1188.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 11, 1986.
Decided Dec. 29, 1986.
 
 Before RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.
 Frank E. Wissig, appellant pro se.
 Breckinridge Long Willcox, United States Attorney, Larry David Adams, Assistant United States Attorney, for appellees.
 PER CURIAM:
 
 
 1
 Frank B. Wissig is a tax protestor who appeals from the district court's judgment of civil contempt for failure to comply with a summons enforcement order. The enforcement order, unappealed from, "necessarily contained an implied finding that no defense of lack of possession or control had been raised and sustained in that proceeding." United States v. Rylander, 460 U.S. 752, 760 (1983).
 
 
 2
 The district court properly rejected Wissig's broad fifth amendment challenge to the IRS summons for document production. Steinbrecher v. Commissioner, 712 F.2d 195 (5th Cir.1983); United States v. Carroll, 567 F.2d 955 (10th Cir.1977); accord United States v. Fishman, M.D., 726 F.2d 125 (4th Cir.1983).
 
 
 3
 The district court also properly rejected Wissig's claim that he had complied with that court's production order by bringing his documents to the I.R.S. agents while refusing to hand them over until certain vaguely defined conditions were met. " 'A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must [comply] only if cornered at the end of the chase.' " Rylander, 460 U.S. at 762 (quoting United States v. Bryan, 339 U.S. 323, 331 (1950)). The district court's finding of civil contempt is affirmed.
 
 
 4
 Because this appeal is frivolous, we grant the government's motion to impose sanctions. See 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. We award the amount of $1500 to the United States in lieu of particularized fees and costs.*
 
 
 5
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 6
 AFFIRMED AND SANCTIONS IMPOSED.
 
 
 
 *
 We note that $1500 is equal to the sanction amount we awarded in Chapman v. Egger, No. 85-2151 (4th Cir., Oct. 21, 1986) (unpublished), and Jensen v. United States, No. 86-1504 (4th Cir., June 25, 1986) (unpublished), motion for accounting and cert. denied, --- U.S. ----, 55 U.S.L.W. 3278 (Oct. 20, 1986)