825 F.2d 407
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George C. LEINING, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 86-1253
 United States Court of Appeals, Fourth Circuit.
 Submitted May 28, 1987.
Decided July 21, 1987.
 
 George C. Leining, appellant pro se.
 Michael Lee Paup, Roger Milton Olsen, U.S. Department of Justice, for appellee.
 Before WIDENER, MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 George C. Leining, a Connecticut resident, is a tax protestor who appeals from two decisions of the Tax Court. The Tax Court transferred the venue for the proceedings from Connecticut to Washington, D.C., on Leining's motion. Leining's notice of appeal specified that he was taking his appeal to this Court. Although we would be inclined to affirm the Tax Court's decision on the merits, we dismiss the appeal for lack of jurisdiction.
 
 
 2
 Tax Court procedures allow a taxpayer to request the trial venue of his choice, In re Stone, 569 F.2d 156, 158 (D.C. Cir. 1978), and Leining exercised this right by requesting his trial be transferred from Connecticut to Washington, D.C. Venue for trial and venue for appeal of Tax Court cases, however, are wholly separate issues. Becker v. Commissioner, 716 F.2d 285, 287 (5th Cir. 1983). A taxpayer may only bring an appeal of a Tax Court decision outside the circuit of his legal residence when the government agrees. 26 U.S.C. Sec. 7482(b)(2). The government has not consented to venue in this Court for this appeal, so we are without jurisdiction to render a decision on the merits.
 
 
 3
 Although we could transfer this appeal to the Second Circuit--the court where Leining should have taken his appeal--pursuant to 28 U.S.C. Sec. 1631, we decline to do so because a transfer would not be 'in the interest of justice.' Leining's tax protestor arguments on appeal present no colorable issue warranting the attention of this or any other Court. Leining has failed to challenge the Tax Court's rulings on the merits. Had he done so, a transfer of this appeal pursuant to Sec. 1631 would have been 'in the interest of justice' even though our review of the record shows no error in the Tax Court's decisions.
 
 
 4
 Because this appeal to this Court is frivolous, we grant the government's motion to impose sanctions. Fed. R. App. P. 38. We award the amount of $1500 to be United States in lieu of particularized fees and costs.*
 
 
 5
 We deny Leining's Motion to Stay the Tax Court's judgment. We dispense with oral argument because the appeal is frivolous and because the dispositive issues have recently been decided authoritatively.
 
 
 6
 DISMISSED AND SANCTIONS IMPOSED.
 
 
 
 *
 We note that $1500 is equal to the sanction amount we awarded in United States v. Bowser, No. 86-1241 (4th Cir., April 22, 1987) (unpublished); United States v. Wissig, No. 86-1188 (4th Cir., Dec. 29, 1986) (unpublished); Chapman v. Egger, No. 86-2151 (4th Cir., Oct. 21, 1986) (unpublished); Jensen v. United States, No. 86-1504 (4th Cir., June 25, 1986) (unpublished), motion for accounting and cert. denied, ---- U.S. ----, 55 U.S.L.W. 3278 (Oct. 20, 1986). See also Leogrande v. United States, 811 F.2d 147 (2d Cir. 1987) (imposing $3000 lump sum sanction)