**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FREDERICK LYNWOOD FOLEY,
Plaintiff-Appellant,

v.

MS. C. FIX; SERGEANT SANTIAGO;
MS. SWISHER,
Defendants-Appellees.

No. 95-8587

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-95-1341-R)

Submitted: May 16, 1996

Decided: February 4, 1997

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Sanctions imposed by published per curiam opinion.

_____

**COUNSEL**

Frederick Lynwood Foley, Appellant Pro Se.

_____

**OPINION**

PER CURIAM:

This court goes to great lengths to ensure that its doors are open
to all appellants, particularly those who proceed in forma pauperis.

However, when one party repeatedly brings frivolous appeals in abuse of our processes, he burdens this court's ability to provide a fair and speedy process to those with legitimate appeals. Frederick Lynwood Foley, an inmate in the Augusta Correctional Center (ACC), has now brought his twenty-third appeal in this court in just over a year. The one characteristic that all of these appeals have in common is that we have consistently, and summarily, affirmed the district court's dismissals or grants of summary judgment. Furthermore, the district court has warned Foley on more than one occasion that he would be subject to sanctions if he continued to harass correctional officers by filing frivolous claims that those officers have taken his personal property without due process of law. Notwithstanding this warning, Foley has again brought suit claiming, inter alia, that Sgt. Santiago took his personal property without due process of law. The district court appropriately dismissed this claim as "utterly frivolous." Because Foley's repeated, frivolous claims have placed a significant burden on this court, as well as on the district court, we ordered Foley to show cause why he should not be sanctioned for filing frivolous appeals. Having reviewed his response, we hereby impose sanctions upon Foley pursuant to Federal Rule of Appellate Procedure 38.

Foley has presented this court with a multitude of claims over the past year-and-a-half, ranging from complaints about his housing to allegations that he was given improper medication. Foley's most recurrent allegation is that prison officials have taken his property. He has claimed that officials have stolen items such as earplugs, bubble gum, mayonnaise packets, and cheese spread. Foley v. Wood, No. 95-0691-R (W.D.Va. July 17, 1995) (earplugs); Foley v. Boyers, No. 95-0765-R (W.D.Va. Aug. 3, 1995) (bubble gum, mayonnaise packets, cheese spread). On at least seven occasions (including the case now on appeal), the district court has dismissed these claims as frivolous and quoted the following language:

> "an intentional . . . deprivation of property by a state
> employee does not violate the procedural requirements of
> the Due Process Clause of the Fourteenth Amendment if a
> meaningful post-deprivation remedy for the loss is avail-
> able." Hudson v. Palmer, 468 U.S. 517 (1984). Inasmuch as
> plaintiff possesses tort remedies under Virginia state law,
> see Virginia Code § 8.01-195.3, it is clear that he cannot

2

> prevail in a constitutional claim for the alleged property loss in the instant case.

Foley v. Fix, No. 95-1341-R (W.D.Va. Dec. 19, 1995); Foley v. Holloway, No. 95-1167-R (W.D.Va. Oct. 26, 1995); Foley v. Boyer, No. 95-0983-R (W.D.Va. Sept. 5, 1995); Foley v. Boyers, No. 95-0765-R (W.D.Va. Aug. 3, 1995); Foley v. Wood, No. 95-0691-R (W.D.Va. July 17, 1995); Foley v. Starkey, No. 95-C268-R (W.D.Va. Mar. 21, 1995); Foley v. Talbert, No. 95-0211-R (W.D.Va. Mar. 6, 1995). Because Foley continued to bring § 1983 claims for property deprivation rather than pursue state tort remedies, the district court notified Foley "that he may be sanctioned for filing frivolous pleadings if he continue[d] to bring property deprivation claims" in the district court. Foley v. Boyer, No. 95-0983-R (W.D.Va. Sept. 5, 1995). When Foley again brought such a claim, the district court notified Foley that "if he again files a lawsuit under§ 1983, claiming that correctional officers have taken his personal property without due process, the court shall assume that he is filing that lawsuit with the sole purpose of harassing the defendants. The court shall then direct him to show cause why monetary sanctions should not be imposed under Rule 11." Foley v. Holloway, No. 95-1167-R (W.D.Va. Oct. 26, 1995). Despite the district court's clear warnings, Foley has again claimed that a prison official intentionally deprived him of property. As the district court has pointed out, "Foley is well aware from past opinions in his cases" that such an allegation fails to state a claim under § 1983. Foley v. Fix, No. 95-1341-R (W.D.Va. Dec. 19, 1995). In light of the district court's clear and consistent holdings that Foley's property deprivation claims have been frivolous and this court's affirmance of those holdings, Foley's frequent appeals of these and other frivolous claims warrant the imposition of sanctions under Federal Rule of Appellate Procedure 38.

Furthermore, Foley's frivolous appeals of other claims bolster our conclusion that sanctions are not only appropriate, but also necessary to stem Foley's frivolous appeals. For example, Foley brought a wrongful conviction claim because the reporting officer said that the strips of cloth which gave rise to Foley's destruction of state property charge came from a pillow, when Foley had instead (as evidenced by Foley's own complaint) cut them from a mattress. The district court dismissed this claim as frivolous. Foley v. Talbert, No. 95-0688-R

3

(W.D.Va. July 17, 1995). The district court also denied as "utterly frivolous" Foley's request for a temporary restraining order against a correctional officer who allegedly "rakes through[Foley's] bag of Rolaids and his legal papers, looking for contraband." Foley v. Starkey, No. 95-C268-R (Mar. 21, 1995). The district court noted that the request had "the ring of a kindergartner tattling to his teacher." Id. Similarly, Foley brought a § 1983 claim alleging that the broken light over the sink in his cell gave him insufficient light to floss his teeth and shave. Foley v. Huffman, No. 95-1013-R (W.D.Va. Sept. 12, 1995).

Ironically, Foley's persistent petitioning has become a source of a whole series of additional frivolous claims by Foley. For example, Foley brought a frivolous claim that the chief security officer at Augusta Correctional Center had an obligation to prosecute an institutional charge against another inmate who allegedly wanted to charge Foley money for helping him with legal work. Foley v. Day, No. 95-0269-R (W.D.Va. Mar. 21, 1995). Also, when Foley claimed that correctional officers retaliated against him for his previously filed lawsuits by requiring him to stand next to his bed for"count" (a procedure in which prison officials count the inmates), Foley had to admit that he stayed up nights writing new petitions and therefore was too tired to get up in the morning for "count." This prompted the district court to quip, "[a]lthough the court recognizes Foley's heavy caseload, no constitutional rights are implicated by requiring Foley to stand next to his bed in the morning." Foley v. Gettier, No. 94-0536-R (W.D.Va. July 17, 1995).

Foley has magnified the costs of his frivolous litigation by persistently appealing his claims after they have been dismissed as frivolous. And it is obvious that the mere threat of sanctions has not caused Foley to restrain himself.

Under F.R.A.P. 38, we are authorized to impose sanctions upon appellants for the filing of frivolous appeals. Bast v. Cohen, Dunn & Sinclair, PC, 59 F.3d 492 (4th Cir. 1995). F.R.A.P. 38 provides:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the

> court and reasonable opportunity to respond, award just
> damages and single or double costs to the appellee.

Such "just damages" and "costs," include"damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous," regardless of whether "the appeal resulted in delay." F.R.A.P. 38, Advisory Committee Notes. We are authorized to award such damages and costs "in [our] discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." Id.

Here, we ordered appellant to show cause as to why he should not be sanctioned for filing a frivolous appeal, thereby providing him with "notice from the court and reasonable opportunity to respond." F.R.A.P. 38. Having reviewed the appellant's response to our order, we now conclude that the appeal was indeed "frivolous," and therefore impose the following sanctions upon the appellant. In lieu of particularized fees and costs, we award the amount of $500 to the appellees, as we have frequently done in similar circumstances. See, e.g., Peeples v. Commissioner of Internal Revenue, No. 87-1053 (4th Cir. Sept. 23, 1987) (unpublished); Leining v. Commissioner, No. 86-1253 (4th Cir. July 21, 1987) (unpublished); United States v. Bowser, No. 86-1241 (4th Cir. April 22, 1987) (unpublished); United States v. Wissig, No. 86-1188 (4th Cir. Dec. 29, 1986) (unpublished); Chapman v. Egger, No. 86-2151 (4th Cir. Oct. 21, 1986) (unpublished); Jensen v. United States, No. 86-1504 (4th Cir. June 25, 1986) (unpublished), motion for accounting and cert . denied, 479 U.S. 924 (Oct. 20, 1986). This money shall be payable to the Warden of the Augusta Correctional Center in his official capacity. Additionally, following a practice adopted in one of our sister circuits, we enjoin appellant from filing any further civil actions in this court until these monetary sanctions are paid, and unless a district court judge certifies that his claim is not frivolous. See Smith v. McCleod, 946 F.2d 417, 418 (5th Cir. 1991) (ordering that petitioner "be barred from filing any further appeals in this court until (1) the sanctions awarded by this court and the district court are fully paid; and (2) a district court certifies his appeal as having some arguable merit"); cf. Shief v. Kakita, 116 S. Ct. 1311 (1996) (directing "the Clerk not to accept any further petitions for certiorari from [appellant] in noncriminal matters unless he pays the docketing fee required by [Supreme Court] Rule

5

38 and submits his petition in compliance with [Supreme Court] Rule 33.1"); <u>Jones</u> v. <u>ABC-TV</u>, 116 S. Ct. 870 (1996) (same); <u>Attwood</u> v. <u>Singletary</u>, 116 S. Ct. 769 (1996) (same); <u>Whitaker</u> v. <u>Superior Court of California, San Francisco County</u>, 115 S. Ct. 1446 (1995) (same).

<u>It is so ordered</u>