UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

JAMES LEON JOHNSON; WILMA LUELLA
JACKSON; RICKY SANDERS; STEPHANIE
SHAW; DAVID LEON WHITAKER,
Plaintiffs-Appellants,

and

VICTOR ROBERT ANDERSON,

No. 99-1415

Plaintiff,

v.

SOUTH CAROLINA DEPARTMENT OF
HEALTH AND ENVIRONMENTAL
CONTROL,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-97-380-3-19BC)

Submitted: February 15, 2000

Decided: March 21, 2000

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Gary White, III, Columbia, South Carolina, for Appellants.
Hardwick Stuart, Jr., Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, five African-American security officers formerly employed by the South Carolina Department of Health and Environmental Control ("DHEC"), appeal from the entry of summary judgment in DHEC's favor in this Title VII action. We affirm. We also grant DHEC's motion for submission on the briefs but deny its motion for sanctions in the form of costs and attorney fees.

Until 1996, Appellants worked in the Public Safety Division ("PSD") at DHEC. Two-thirds of PSD's officers were black; no other law enforcement division within DHEC employed any black officers. In 1995, DHEC adopted a policy that reduced the availability of overtime pay for PSD officers. In 1996, DHEC transferred PSD to another state agency.

Appellants filed a lawsuit alleging that these two actions amounted to race discrimination in violation of Title VII of the Civil Rights Act of 1964. DHEC moved for summary judgment, and a magistrate judge recommended that the motion be granted because Appellants could neither establish a prima facie case nor rebut DHEC's explanation for its conduct. The district court adopted this recommendation and entered judgment in favor of DHEC.

Appellants assert that the district court applied an improper standard by requiring them to rebut DHEC's justifications by establishing both that the explanations were pretextual and that DHEC's real motivation was racial animus. That is, however, the correct standard in this circuit. See, e.g., Gillins v. Berkeley Elec. Coop., Inc., 148 F.3d 413, 416-17 (4th Cir. 1998). Furthermore, because Appellants proffered no evidence of improper racial motivation, the district court did not err in granting summary judgment.

2

DHEC contends that it should be awarded attorney fees and "double costs" because the judgment below was so manifestly correct that Appellants should be sanctioned for prosecuting this appeal. We decline to impose such sanctions, as there is no suggestion in the record that Appellants have been harassing DHEC or abusing the courts. See Dyntel Corp. v. Ebner, 120 F.3d 488, 493 (4th Cir. 1997) (sanctioning appellant for lawsuit and appeal motivated by malice); Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997) (sanctioning inmate who had filed twenty-three frivolous lawsuits). We therefore deny DHEC's motion for attorney fees and costs. We agree with DHEC, however, that the facts and legal contentions are adequately presented in the materials before the court and that argument would not aid the decisional process. We therefore grant DHEC's motion to dispense with oral argument and affirm the judgment of the district court adopting the report and recommendation of the magistrate judge and granting summary judgment to DHEC.

AFFIRMED

3