**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-2302**

---

LOUISE JAMISON,

Plaintiff - Appellant,

versus

JEFFERSON-PILOT LIFE INSURANCE COMPANY; UNUM
INSURANCE COMPANY,

Defendants - Appellees,

and

ELECTROLUX HOME PRODUCTS, INCORPORATED;
ELECTROLUX HOME PRODUCTS BENEFIT PLAN,

Defendants.

---

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.  Margaret B. Seymour, District
Judge.  (CA-04-23111-5-MBS)

---

Submitted:  May 19, 2006                Decided:  June 13, 2006

---

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Chalmers C. Johnson, CHALMERS JOHNSON LAW FIRM, Charleston, South
Carolina, for Appellant.  Christine Gantt Sorenson, HAYNSWORTH
SINKLER BOYD, P.A., Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Louise Jamison appeals the district court's order granting Jefferson Pilot Financial Insurance Company's motion for judgment and dismissing her claims of wrongful denial of benefits and breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (2000). We have reviewed the record and find no reversible error.

Jamison claims Jefferson Pilot denied her benefits after she became disabled from her job. Because the benefits plan at issue grants the plan administrator discretionary authority to make coverage determinations, we review the district court's judgment for an abuse of discretion. Bynum v. Cigna Healthcare of North Carolina, Inc., 287 F.3d 305, 311 (4th Cir. 2002). Jefferson Pilot's policy covering Jamison ended December 31, 1998. As Jamison failed to show that she was disabled prior to 1999, the district court did not abuse its discretion by granting Jefferson Pilot's motion for judgment.

Accordingly, we affirm the order of the district court. We also deny Jefferson Pilot's motion for damages and costs under Fed. R. App. P. 38 because we cannot conclude Jamison pursued this litigation for malicious purposes, see Dyntel Corp. v. Ebner, 120 F.3d 488, 493 (4th Cir. 1997), nor has she previously filed numerous frivolous suits, see Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). We dispense with oral argument because the facts and

- 3 -

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>